IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ADREIANNE JACKSON, | : | Case No. 1:21-cv-338 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| PAC WORLDWIDE CORPORATION, | : | |
| Defendant. | : | |

## ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

This matter is before the Court following Plaintiff Adreianne Jackson's failure to respond to this Court's Order to Show Cause (Doc. 21). For the reasons below, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

## FACTS

Plaintiff originally filed this action in the Butler County Court of Common Pleas alleging, among other things, that Defendant discriminated against her on the basis of her race and gender. (*See* Compl., Doc. 2.) On May 19, 2021, the matter was removed to this Court. (*See* Notice of Removal, Doc. 1.)

Initially, this case appeared to be steadily proceeding forward. Then, on August 17, 2022, Plaintiff's counsel moved to withdraw, citing Plaintiff's failure "to cooperate with Plaintiff's [c]ounsel regarding discovery issues." (Motion to Withdraw, Doc. 18, Pg. ID 206.) Simultaneously, Defendant moved to postpone the dispositive motions deadline

because Plaintiff failed to "appear to complete her deposition testimony on two different mutually-agreed dates." (Motion to Postpone, Doc. 19, Pg. ID 214.)

On October 14, 2022, this Court entered an order granting both motions—permitting Plaintiff's former counsel's withdrawal and vacating the dispositive motion deadline. (*See* Order Granting Motion to Withdraw, Doc. 20.) The Court gave Plaintiff thirty days to obtain new counsel or otherwise advise the Court of her intention to proceed pro se. (*Id.* at Pg. ID 229.) Plaintiff failed to comply with the Court's directive.

On December 21, 2022, this Court issued an Order to Show Cause (Doc. 21). In the Order, the Court reviewed the above procedural history and noted how "[l]ittle has happened in this case in over a year and a half of litigation." (Order to Show Cause, Doc. 21, Pg. ID 231.) The Order directed Plaintiff to show cause, by February 19, 2023, "why this action should not be dismissed for failure to prosecute." (*Id.*) The Order was sent by certified mail to Plaintiff on December 21, 2022. (*See* Doc. 22.) On February 24, 2023, the Order was returned as undeliverable. (*See* Doc. 23). Plaintiff has not updated her address or otherwise responded to the Order to Show Cause.

## LAW & ANALYSIS

A district court has inherent authority to dismiss a plaintiff's action because of its failure to prosecute, or for its failure to comply with the court's orders. *Gallagher Ben. Servs. V. Moseley*, 2020 U.S. Dist. LEXIS 160814, at *4 (S.D. Ohio Sept. 3, 2020) (citing Fed. R. Civ. P. 41(b)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal

quotations omitted).

The Court of Appeals for the Sixth Circuit directs a district court to consider the following four factors in determining whether to dismiss an action for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

Under the present circumstances, the Court finds it is appropriate to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b). The Court specifically cautioned Plaintiff that failure to comply with the Order to Show Cause would result in the dismissal of this action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under [R]ule 41(b) is appropriate). Plaintiff failed to comply with that Order, which had established a reasonable deadline for compliance. This failure constitutes bad faith or contumacious conduct, thereby warranting dismissal. *See Steward v. Cty. of Jackson, Tenn.*, 8 F.Appx. 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").

The Court acknowledges that Plaintiff may be unaware of the Order to Show Cause because her mail has been returned as undelivered. (*See* Doc. 23.) However, this is due to Plaintiff's own neglect, as she has failed to provide this Court with her current mailing address. *See Amison v. Canton Ohio Police Dept*, No. 5:14-cv-987, 2015 U.S. Dist. LEXIS 23570, at *3 (N.D. Ohio Feb. 26, 2015) ("Thus, even though the [order] may not have been received by plaintiff, that fact should not weigh against dismissal for failure to prosecute."). In turn, "while less drastic sanctions have not been imposed, it seems futile to do so, as the Court is unable to locate Plaintiff without a current address." *Robinson v. Samijlenko*, No. 1:18-cv-263, 2018 U.S. Dist. LEXIS 126935, at *10 (N.D. Ohio July 30, 2018). "[T]he Court doubts sanctions short of dismissal would elicit any response." *Id.* (citing *Amison*, 2015 U.S. Dist. LEXIS 23570, at *4).

## CONCLUSION

For these reasons, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

4